E-FILED
Wednesday, 13 May, 2026  12:30:39 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND,<br>CENTRAL LABORERS' SUPPLEMENTARY<br>PENSION FUND, CENTRAL LABORERS'<br>ANNUITY FUND, CENTRAL LABORERS<br>RETIREE WELFARE FUND, ILLINOIS LABORERS' &<br>CONTRACTORS TRAINING FUND,<br>SOUTHWEST ILLINOIS LABORERS'-EMPLOYERS'<br>COOPERATION EDUCATION TRUST,<br>SOUTHERN & CENTRAL ILLINOIS<br>LABORERS VACATION FUND, SOUTHWEST<br>ILLINOIS LABORERS POLITICAL LEAGUE)<br><br>   Plaintiffs,<br><br>v.<br><br>GILLESPIE & POWERS CONSTRUCTION, INC.<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.,* by their attorneys, CAVANAGH & O'HARA LLP, complain of the Defendant, GILLESPIE & POWERS CONSTRUCTION, INC. alleging as follows:

## COUNT I
## DELINQUENT CONTRIBUTIONS

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2. Plaintiffs Central Laborers' Pension Fund, Central Laborers' Supplementary Pension Fund, and Central Laborers' Annuity Fund are employee benefit funds maintained in

accordance with the provisions of ERISA and the LMRA and administered pursuant to the terms and provisions of a trust agreement, as amended and restated from time to time.

3.      The Central Laborers' Pension Fund, Central Laborers' Supplementary Pension Fund, and Central Laborers' Annuity Fund receive contributions from numerous employers, and therefore, are multiemployer plans.  (*See* 29 U.S.C. §1002).

4.      A copy of the pertinent provisions of the trust agreement for Plaintiffs Central Laborers' Pension Fund is attached hereto as Exhibit "1", and fully incorporated herein and made a part hereof by this reference.

5.      The Plaintiff Central Laborers' Pension Fund is the collection agent for and authorized to act on behalf of the other named Plaintiffs, which are either employee benefit funds, labor organizations, and/or funds established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union, to collect employer contributions and other amounts owed to these Plaintiffs.

6.      Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action.  (*See* 29 U.S.C. §1132).

7.      Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered.  (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

8.      Plaintiff Central Laborers' Pension Fund's plan is administered in Morgan County, Illinois at the address of is 201 N. Main Street, Jacksonville, Illinois 62651, which is located within the venue of the District Court for the Central District of Illinois.

9.      The Defendant is an "Employer" engaged in an industry within the meaning of 29

U.S.C. §§1002 (5), (11), (12) and (14).

10.    Defendant employs individuals who are participants in the employee benefit funds administered by Plaintiff Central Laborers' Pension Fund and other named Plaintiff trust funds pursuant to a collective bargaining agreement and participation agreement to which Defendant is a party or otherwise bound (the "labor agreements"). Copies of said agreements are attached hereto as Exhibit "2" and fully incorporated herein and made a part hereof by this reference.

11.    The labor agreements bind Defendant to the provisions of the Plaintiffs' respective trust agreements.

12.    Pursuant to the labor agreements and the trust agreements, the Defendant is required to report hours worked by its employees and make prompt payment of the contributions and other amounts required under the labor agreements to Plaintiffs.

13.    Pursuant to §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiffs in accordance with the terms and conditions of Plaintiffs' trust agreements.  (*See* 29 U.S.C. §1145).

14.    Pursuant to the labor agreements and trust agreements, Plaintiffs have the right to examine the payroll books and records of the Defendant to determine whether the Defendant is paying Plaintiffs all required contributions under the labor agreements.

15.    Pursuant to said trust agreement, Plaintiffs engaged Romolo & Associates to examine the payroll records of the Defendant.

16.    The payroll examination showed that Defendant owes Plaintiffs $235,536.61 for the time from October 1, 2017, through March 31, 2022. A copy of the audit is attached hereto as Exhibit "3" and fully incorporated herein and made a part hereof by this reference.

17.    Pursuant to Plaintiffs' trust agreements, the Defendant owes Plaintiffs liquidated

damages equal to 10% of the amount of contributions that are not paid timely.

18.    Defendant owes Plaintiffs liquidated damages of $23,553.66 for failure to timely remit the contributions shown due in the audit report.

20.    Pursuant to Plaintiffs' trust agreements, the Defendant owes Plaintiffs audit costs for conducting the payroll audit.

21.    Defendant owes Plaintiffs $1,950.00 in audit costs.

22.    Plaintiffs have demanded that Defendant pay to Plaintiffs the contributions and all other amounts owed, but Defendant has refused or otherwise failed to pay to Plaintiffs the contributions and all other amounts owed.

23.    Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees.  More specifically, §1132(g)(2) of ERISA provides as follows:

> (g)    Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *          *          *
>
> (2)    In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> > (A)    the unpaid contributions,
> >
> > (B)    interest on the unpaid contributions,
> >
> > (C)    an amount equal to the greater of –
> >
> > > (i)    interest on the unpaid contributions, or
> > >
> > > (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may

be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

**(D)**    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

**(E)**    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A.    That judgment is entered in favor of Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al*., and against GILLESPIE & POWERS CONSTRUCTION, INC.  in  the sum of $261,040.27.

B.    That GILLESPIE & POWERS CONSTRUCTION, INC  is ordered to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

C.    That GILLESPIE & POWERS CONSTRUCTION, INC is ordered to pay to the Plaintiffs all of Plaintiffs' costs attendant to these proceedings;

D.    That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

Respectfully submitted,
CENTRAL LABORERS' PENSION,
FUND *et al*.
Plaintiffs,

By:    s/ Jacob A. Blickhan
JACOB A. BLICKHAN
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 West Jefferson
Springfield, IL 62705
Telephone (217) 544-1771
Facsimile (217) 544-9894
jacobblickhan@cavanagh-ohara.com